THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC.<br><br>Defendant. | CIVIL ACTION 2:18-cv-01352-RSL<br><br>[PROPOSED] CONSENT DECREE |

I.    INTRODUCTION

1.    This action originated when Joel Sibert filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC").  Mr. Sibert alleged that Safeway Inc.  ("Defendant" or "Safeway") discriminated against him in violation of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights act of 1991 ("ADA") when Safeway failed to hire him because of his disability.

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 1**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

2.  On July 5, 2018, the EEOC issued a Letter of Determination with a finding of reasonable cause to believe that Safeway violated the ADA. Thereafter, EEOC and Safeway attempted to conciliate the charge and conciliation was unsuccessful.

3.  The EEOC filed this lawsuit on September 12, 2018, in the United States District Court for the Western District of Washington, alleging that Safeway discriminated against Mr. Sibert when it denied him an American Sign Language ("ASL") interpreter as a reasonable accommodation, during the hiring process, and failed to hire him because of his disability. Safeway denies these claims.

4.  The parties want to conclude fully and finally all claims arising out of the EEOC's Complaint and Mr. Sibert's charge of discrimination filed with the EEOC. The EEOC and Safeway enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in the ADA.

II.  NON-ADMISSION OF LIABILITY AND NON-DETERMINATION BY THE COURT

5.  This Consent Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission by Safeway of a violation of the ADA.

III.  SETTLEMENT SCOPE

6.  This Consent Decree is the final resolution of all allegations of unlawful employment practices contained in Mr. Sibert's discrimination charge, in the EEOC's administrative determination, and in the EEOC's Complaint filed in this lawsuit, including all claims by the parties for attorney fees and costs.

7.  Defendant will not condition the receipt of monetary relief on Mr. Sibert's agreement to (a) maintain as confidential the facts and/or allegations underlying his charge and

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 2**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

the complaint and the terms of this Decree; (b) waive his statutory right to file a charge with any governmental agency; or (c) non-disparagement and/or a confidentiality agreement.

IV. <u>MONETARY RELIEF</u>

8. Defendant shall pay Mr. Sibert seventy-five thousand dollars ($75,000) within fourteen (14) business days of the entry date of this Consent Decree. This payment shall include specific amounts for back pay and compensatory damages. Mr. Sibert shall provide Defendant with W-4 and W-9 forms within five (5) days of the entry of this Decree. Defendant shall make payment by checks – one check for wage damages in the amount of two-thousand two hundred dollars ($2,200) less any withholdings, and another check for non-wage damages, in the amount of seventy-two thousand eight-hundred dollars ($72,800) made payable to Joel Sibert at an address that the EEOC will provide to Defendant. Defendant will issue an IRS form W-2 for the wage payment and an IRS form 1099 for this payment of non-wage damages. Defendant shall simultaneously transmit copies of the checks made payable to Mr. Sibert, together with an accounting of the employee deductions and employer contributions made, and tracking information for the delivery of the checks to:

> Teri L. Healy
> U.S. Equal Employment Opportunity Commission
> Seattle Field Office
> 909 First Avenue, Suite 400
> Seattle, WA 98104
> teri.healy@eeoc.gov

V. <u>INJUNCTIVE AND OTHER RELIEF</u>

A. <u>General Provisions</u>

9. Defendant, including its officers, agents, managers, supervisors, store managers, In-Store Recruiters, and all human resource employees, and their successors and assigns within the Seattle Division are enjoined from engaging in hiring practices that discriminate against

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 3**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

persons because they are deaf or hard of hearing in violation of the ADA. In recognition of its obligations under the ADA, Defendant shall institute within the Seattle Division the policies and practices set forth below.

10. Defendant will provide prior written notice to any potential purchaser of Safeway Inc., and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of this Consent Decree.

B. <u>Anti-Discrimination Policies and Procedures</u>

11. For the duration of this Consent Decree, Defendant shall ensure that its anti-discrimination policy within the Seattle Division specifically prohibits disability discrimination and explains to employees their rights and responsibilities under the ADA (the "ADA Policy"). The policy is subject to periodic updating to reflect changes in the law.

12. Defendant will distribute, within its Seattle Division, the ADA policy which covers the ADA's obligations to accommodate applicants and employees. This policy will contain multiple points of contact through which applicants and employees may request an accommodation and/or lodge a complaint. It will include the telephone numbers, addresses, and email addresses for each point of contact. Applicants who apply online through Safeway's career website for employment within the Seattle Division will be directed to request accommodations by email during the online application process or by calling Defendant's Employee Service Center phone number. The Employee Service Center will be instructed to direct any calls to the appropriate party for handling. Applicants and employees also will have the option to contact the Ethics Hotline, which will direct the information to Defendant's Human Resources department within the Seattle Division. For Defendant's locations within the Seattle

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 4**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

Division where applicants cannot apply through the career website, Safeway will provide a copy of the ADA policy to each applicant.

13. The policy described in paragraphs 11-12 shall be provided to the EEOC for review and comment no later than thirty (30) days prior to the implementation. Within fourteen (14) days of receipt, the EEOC will review the proposed policies and procedures in good faith and advise Defendant of any comments.

14. Not later than ninety (90) days after entry of this Consent Decree, Defendant shall distribute the ADA policy described in paragraphs 11-12 to all its employees, both exempt and non-exempt, in the Seattle Division. Thereafter, Defendant shall redistribute the ADA policy to all its employees, both exempt and non-exempt, in the Seattle Division, annually for the duration of this Consent Decree. Defendant will also include the policy in the Employee Handbook provided to new employees in the Seattle Division, which is distributed to every employee hired or re-hired during the duration of this Decree.

15. <u>Online Application Website Modification.</u>  Not later than sixty (60) days after the entry of this Consent Decree, Safeway's career website will include a statement to applicants that Safeway is an equal employment opportunity employer. It shall inform applicants seeking assistance or an accommodation during the application process to make such a request by calling a telephone number that will be listed on the website. Additionally, after this statement Safeway will include a click button which will allow the user to request an accommodation directly through the online application. These statements will be separate from or in addition to the statement regarding accessibility of the website. Safeway shall email all application accommodation requests for positions sought within the Seattle Division directly to Seattle Division personnel responsible for answering the requests.

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 5**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Ave., Suite 400
Seattle, Washington 98104
Phone (206) 220-6884
Fax (206) 220-6911
TDD (206) 220-6882

16. <u>In-Store Recruiter Instruction</u>.  Defendant's In-Store Recruiters within the Seattle Division will be instructed during the In-Store Recruiter Training that they must follow the ADA policy and that the ADA policy is promulgated at the direction of and with the endorsement by the highest level of Company management.  Individuals who violate these policies are subject to disciplinary action, up to and including termination.

17. <u>In-Store Recruiter Documentation.</u>  Defendant, not later than sixty (60) days after the entry of this Consent Decree, shall issue a reminder to its In-Store Recruiters within the Seattle Division that they are required to complete the Hourly Application Review, Prescreen, and Interview Guide ("Guide") for each applicant.  Defendant shall modify Guide instructions to inform In-Store Recruiters within the Seattle Division how to provide an accommodation for an applicant at any stage of the screening and/or interview process.  Defendant's Guide instructions used within the Seattle Division will include the name and contact information of individuals responsible for providing accommodations.  During each In-Store Recruiter Training following the entry of the Consent Decree, Defendant shall instruct In-Store Recruiters within the Seattle Division that they are required to use the Guide.

18. <u>Policy Modifications.</u>  If Defendant modifies its ADA policy in the Seattle Division, (except for the changing of the contact information of individuals identified in the policy), Defendant shall submit to the EEOC for its review and consideration proposed modifications no later than thirty (30) days before adoption of the modified policy.  Within fourteen (14) days of receipt, the EEOC will review the proposed modifications in good faith and advise Defendant of any comments.

//

//

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 6**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 F<small>IRST</small> A<small>VE</small>., S<small>UITE</small> 400
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98104
P<small>HONE</small> (206) 220-6884
F<small>AX</small> (206) 220-6911
TDD (206) 220-6882

C. Training

19.     Not later than one hundred twenty (120) days after the entry of this Consent Decree, Defendant shall provide annual online, interactive Americans with Disabilities Act training to all personnel in the Seattle Division involved in hiring and interviewing, including In-Store Recruiters, Human Resource personnel, Store Directors, Assistant Store Directors and Department Managers in the retail stores.  The training shall be in addition to any other training provided to In-Store Recruiters and shall be no less than 45 minutes, and include, at a minimum, an overview of the ADA emphasizing: appropriate interview questions and hiring procedures; responding to requests for reasonable accommodation, including providing ASL interpreters for deaf or hard of hearing employees and applicants; that retaliation against an employee or applicant who requests an accommodation or complains is prohibited; issues unique to individuals who are hard of hearing, deaf, and/or speech impaired; and Safeway's EEO policies relating to the ADA.  The training shall be aimed at helping attendees understand how to define and identify disability discrimination and retaliation, and the required steps to review and respond to each request for a reasonable accommodation.  Reasonable accommodations will be provided to any hearing-impaired employee taking the training.  Thereafter, Defendant will offer this training for employees within the Seattle Division who become In-Store Recruiters, Human Resource Personnel, or Store Directors within sixty (60) days of the employee occupying that position, and these employees will attend this training prior to any involvement in the hiring or interviewing of any applicant or employee.

20.     In March 2019, the Employee Relations and Human Resources personnel for the Seattle Division participated in a six-hour training session by the Director of the Hearing Speech and Deaf Center for Seattle.

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 7**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

21.  The training described in this section will be developed by experienced training professionals and employment counsel with expertise in the ADA.

22.  All training materials must be submitted to the EEOC for review and comment no later than forty-five (45) days prior to holding the first training sessions.  Within fourteen (14) days of receipt, the EEOC will advise Defendant of any comments.  EEOC agrees to review the proposed training materials in good faith.  The costs of training shall be borne by Defendant.  If the Defendant modifies the EEO trainings identified in this provision during the duration of the Consent Decree, Defendant shall submit to the EEOC for its review and comment the proposed modifications no later than forty-five (45) days before adoption.  Within fourteen (14) days of receipt, the EEOC will advise Defendant of any comments.

23.  For the duration of this Consent Decree, Defendant shall notify the EEOC of the completion of the training and shall specify the names and job titles of the individuals who attended each of the training sessions.

D.  <u>Policies Designed to Promote Accountability</u>

24.  In the event Defendant determines that any supervisor, manager, In-Store Recruiter, or human resources personnel within the Seattle Division has violated Safeway's policy prohibiting discrimination on the basis of disability, Defendant shall take appropriate corrective action, up to and including termination of employment of the individual who violated the policy.

25.  Defendant will include as a component of its annual compliance audit within the Seattle Division, by the asset protection organization, a review of a random sample of applications at each store to confirm the In-Store Recruiters' compliance with Defendant's mandate to complete the Hourly Application Review, Prescreen, and/or Interview Guide

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 8**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

described in paragraph 17 has been followed.  In the event compliance is not found, the Defendant will take appropriate corrective action.

26. During the pendency of this Consent Decree, Defendant shall make available a hiring or human resources official, or other appropriate personnel responsible for hiring in the Seattle Division, for audits upon request by EEOC to determine compliance with this Consent Decree.  EEOC shall provide notice of audit subject matter not later than ten (10) business days in advance but, at a minimum, the audit shall include whether Defendant has denied employment within the Seattle Division to any individual who has identified him/herself as being deaf or hard of hearing during the hiring process and has requested an accommodation during the hiring process, and whether Defendant, within the Seattle Division, has received any complaints about disability discrimination against individuals who are deaf or hard of hearing.  Any requested audit will be conducted at a mutually agreeable time and place.

E. <u>Reporting</u>

27. Safeway shall report to the EEOC for a period of three (3) years. The reports shall be in writing and submitted on a semi-annual basis during the three-year reporting period.  The reporting period will run from the date of the entry of this Consent Decree. These semi-annual reports shall contain the following information and attachments:

    a. Certification that Defendant, within its Seattle Division, has:

        i. Continued to maintain its written ADA policy and procedures and distributed copies of its ADA policy as described in Section V.B;

        ii. Complied with the training provisions enumerated in this Consent Decree, as provided in Section C, and provided a list of all attendees, with job titles, for each training completed; and

        iii. Continued to promote accountability as required by Section D; and

        iv. Complied with all other provisions of this Consent Decree.

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 9**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

      b. Copies of the following documents shall be included with each semi-annual report submitted to the Seattle Field Office of the EEOC:

          i. A copy of the ADA policy and procedures maintained in accordance with the provisions of this Consent Decree;

          ii. A copy of Defendant's current ADA policy used within the Seattle Division and a list of any changes, modifications or revisions to its ADA policies and procedures, if any, which concern or affect the subject of discrimination or accommodation;

          iii. A summary of internal formal or informal complaints from applicants who identified him/herself as being deaf or hard of hearing during the hiring process and claimed they were denied requested accommodation and complaints about disability discrimination against individuals who are deaf or hard of hearing, if any, filed by employees or applicants, identified by name, the actions taken by the company and the resolution of each such complaint;

          iv. A listing of home address, home and cell phone numbers, and e-mail address for any complainant(s) if requested by EEOC.

    F. <u>Posting</u>

    28. Safeway shall post a Notice to All Employees in Seattle Division Store 1551. This Notice is attached as Exhibit A to this Consent Decree. The Notice shall be conspicuously posted on bulletin board at Store 1551 for the duration of the Consent Decree.

    VI.    <u>ENFORCEMENT</u>

    29. If the EEOC determines that Defendant has not complied with the terms of this Consent Decree, the EEOC shall provide written notification of the alleged breach to Defendant. The EEOC shall not petition the Court for enforcement of this Consent Decree for at least forty-five days (45) days after providing written notification of the alleged breach. The EEOC and Defendant shall utilize the 45-day period to engage in good-faith efforts to resolve the dispute.

//

//

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 10**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 F<small>IRST</small> A<small>VE</small>., S<small>UITE</small> 400
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98104
P<small>HONE</small> (206) 220-6884
F<small>AX</small> (206) 220-6911
TDD (206) 220-6882

## VII. RETENTION OF JURISDICTION

30. The United States District Court for the Western District of Washington shall retain jurisdiction over this matter for the duration of this Consent Decree, for enforcement purposes.

31. This Consent Decree shall be in effect for three (3) years from the date of entry of the Decree. If the EEOC petitions the Court for breach of this Consent Decree, and the Court finds Defendant to be in violation of the terms of the Consent Decree, the Court may extend the duration of this Consent Decree.

DATED this 16th day of April, 2019.

ROBERTA L. STEELE
Regional Attorney

| | |
|---|---|
| JOHN F. STANLEY | JAMES L. LEE |
| Supervisory Trial Attorney | Deputy General Counsel |
| | |
| TERI HEALY | GWENDOLYN Y. REAMS |
| Senior Trial Attorney | Associate General Counsel |

BY: _s/ Roberta S. Steele_
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 First Avenue, Suite 400          Office of the General Counsel
Seattle, WA  98104-1061              131 M Street, N.E.
Telephone (206) 220-6919             Washington, D.C. 20507
Facsimile (206) 220-6911

Attorneys for Plaintiff EEOC

By: _s/ D. Michael Reilly_
D. Michael Reilly
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone (206) 223-7000
Facsimile (206)223-7107
reillym@lanepowell.com

Attorneys for Defendant, Safeway Inc.

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 11**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I filed by ECF the parties [Proposed] CONSENT DECREE.

DATED this 17th day of April, 2019

> */s/ Rebecca Eaton*
> REBECCA EATON
> Paralegal Specialist
> EEOC Seattle Field Office
> 909 First Avenue, Suite 400
> Seattle, WA 98104-1061
> Telephone: 206-220-6891
> Email: rebecca.eaton@eeoc.gov

EEOC v. Safeway Inc. (2:18-cv-01352-RSL)
[PROPOSED] CONSENT DECREE
**Page - 12**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
909 FIRST AVE., SUITE 400
SEATTLE, WASHINGTON 98104
PHONE (206) 220-6884
FAX (206) 220-6911
TDD (206) 220-6882